DA 14-0268

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 271N

MICHAEL HUSET,

      Petitioner and Appellant,

    v.

STATE OF MONTANA BOARD OF
LABOR APPEALS, MONTANA DEPARTMENT
OF LABOR AND INDUSTRY, AND DEPARTMENT
OF ARMY (CIVILIAN) BUTTE MILITARY
ENTRANCE PROCESSING STATION,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Second Judicial District,
                   In and For the County of Butte/Silver Bow, Cause No. DV 13-145
                   Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Huset, self-represented, Butte, Montana

      For Appellee Montana Department of Labor and Industry:

          Patricia Bik, Special Assistant Attorney General, Helena, Montana

                           Submitted on Briefs:  September 17, 2014
                                   Decided:  October 7, 2014

Filed:

                           _____
                                      Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Department of the Army (Civilian) employed Michael Huset as a testing clerk at its Military Entrance Process Station (MEPS) in Butte, Montana, beginning January 3, 2007. Huset's last day worked was June 6, 2012. He left the job for multiple reasons.

¶3 First, Huset was dissatisfied with his supervisor and with a coworker named Cunningham. Huset believed that Cunningham behaved in a passive-aggressive manner, thereby creating a hostile work environment. Huset complained to his supervisor but felt that the supervisor did not adequately address his concerns. Huset felt that his supervisor gave preferential treatment to Cunningham. He also thought that his supervisor behaved unethically in regard to half-point reviews conducted in May 2012.

¶4 Second, Huset believed that his employer had not done enough to ensure the safety of its employees. Huset was concerned that he could smell diesel or gasoline fumes in the facility when trucks were idling in the alley behind the building. Moreover, he felt that the employee parking lots were not sufficiently lit and that his employer had not done enough to ensure the security of its employees when they walked to and from the lots. Huset also was concerned that the MEPS facility did not have security cameras or other tools to ensure the safety of employees, and he felt it was wrong that he was not

allowed to have a weapon while he was at work. Finally, Huset felt that the facility—which had been designated a "soft target" for terrorists—was not adequately protected in the event of a terrorist attack.

¶5 Huset presented his concerns to his employer but felt that his concerns were not adequately addressed or taken seriously. On June 6, 2012, Huset submitted his letter of resignation. Since he had previously received permission for time off, his last official day of employment was June 16, 2012.

¶6 Huset sought unemployment insurance benefits. The Unemployment Insurance Division of the Montana Department of Labor and Industry denied benefits based on the finding that Huset's separation from his employment had been without good cause attributable to his employment. *See* § 39-51-2302, MCA; Admin. R. M. 24.11.457. The Hearings Bureau of the Department of Labor and Industry affirmed this determination. The hearing officer conducted a hearing, at which sworn testimony was presented and 77 documents were admitted. The hearing officer then entered a decision finding that Huset had failed to establish he left work for good cause attributable to the employment. The hearing officer acknowledged that the issues raised by Huset were legitimate concerns; however, the hearing officer noted that Huset's employer had taken his concerns seriously enough to arrange for a mediation between the parties in 2011. The hearing officer found Huset's evidence insufficient to show that Cunningham and Huset's supervisor had acted so unreasonably as to constitute a compelling reason for quitting. Regarding Huset's safety concerns, the hearing officer determined that, "[w]hile the work environment may not have been perfect, Huset has not shown that the working conditions

were so egregious that a reasonable, average person in Huset's position would quit and face the uncertainties of unemployment rather than remain in the employment."

¶7 Huset appealed to the Board of Labor Appeals, which affirmed the hearing officer. The Board acknowledged that there were problems in the workplace; however, after reviewing the administrative record and the recording of the hearing before the Hearings Bureau, the Board found that "the environment was not so egregious to allow for Huset to leave work and meet the requirements of Montana's unemployment insurance law." The Board agreed with the hearing officer that Huset lacked a "compelling reason" for leaving his job, *see* Admin. R. M. 24.11.457, and that Huset thus was disqualified from receiving unemployment insurance benefits.

¶8 Huset sought judicial review in the Second Judicial District Court, Silver Bow County. Applying the standard of review set forth in § 39-51-2410(5), MCA, the District Court determined that the Board's findings were supported by substantial evidence and, as such, that the findings were conclusive. The District Court observed that the Board had carefully reviewed the administrative record and listened to the recording of the initial hearing, which included testimony from both Huset and his former supervisor. Although Huset argued that the facts should have been interpreted in his favor, the District Court observed that it was not the court's role to substitute its view of the factual record for that of the Board. The District Court noted that Huset's employer had listened to his concerns and had attempted to address them when able. The District Court agreed with the Board's determination that Huset's reasons for leaving were not compelling enough to overcome the statutory burden required to qualify for unemployment benefits.

¶9 Huset now appeals to this Court. He claims the Hearings Bureau and the Board of Labor Appeals both exceeded their authority. He further contends that the District Court simply "rubberstamped" the Board's decision and that both the Board and the District Court ruled contrary to the facts. In response, the Department of Labor and Industry argues that the evidence presented at the administrative hearing was insufficient to show that Huset had a compelling reason to resign. The Department maintains that in order to meet the "compelling reasons" standard, the worker must show more than just annoying and aggravating disagreements with coworkers and a subjective fear of a terrorist attack.

¶10 On judicial review, the reviewing court determines whether the Board's findings of fact are supported by substantial evidence, which is something more than a scintilla of evidence but less than a preponderance of the evidence. *Johnson v. W. Transp., LLC*, 2011 MT 13, ¶¶ 16-17, 359 Mont. 145, 247 P.3d 1094. If supported by substantial evidence, the Board's findings are conclusive. Section 39-51-2410(5), MCA. The court may not balance conflicting evidence, determine which evidence is more substantial, or consider where the preponderance of the evidence lies, as to do so would substitute the reviewing court's view of the evidence for that of the Board, thereby nullifying the conclusive nature of the Board's findings. *Johnson*, ¶ 18. The court must decide whether substantial evidence supports the Board's findings and not whether, on the same evidence, it would have arrived at the same or different findings. *Johnson*, ¶ 18.

¶11 The Board's finding that Huset lacked a compelling reason for leaving his job, *see* Admin. R. M. 24.11.457, is supported by the testimony at the administrative hearing. "Compelling reasons" include such things as undue risk of injury, illness, or physical

5

impairment; unreasonable actions by the employer concerning hours, wages, terms of employment, or working conditions; and unreasonable rules or discipline by the employer so severe as to constitute harassment. Admin. R. M. 24.11.457(2). We agree with the District Court and the Board that Huset's stated reasons for leaving his employment do not meet this standard. The work environment and the employer's responses to Huset's concerns were not so egregious or unreasonable as to constitute compelling reasons for leaving his employment.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Huset has failed to demonstrate that the Hearings Bureau and the Board exceeded their authority. The Board's findings are supported by substantial evidence. Accordingly, the District Court did not err in denying Huset's petition for judicial review.

¶13 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE